**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 20, 2020

**BY ECF AND EMAIL**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

**Re:  *United States v. Nidal Ayyad*
      93 Cr. 180 (LAK)**

Dear Judge Kaplan,

    I respectfully write on behalf of Nidal Ayyad to request that the Court order a *de novo* re-sentencing hearing in light of the Court's Order dated June 24, 2020, vacating Count 10 of the Indictment.[1] The Court indicated that an amended judgment will reflect its ruling. However, Mr. Ayyad has demonstrated an extraordinary record of post-sentence rehabilitation during his 27 years of incarceration which he hopes the Court will consider at a *de novo* re-sentencing, and subsequently impose a reduced sentence which reflects his contrition and rehabilitative efforts.

### Background Information

    Mr. Ayyad's case involves the 1993 World Trade Center bombing. After trial, he was convicted of two counts charging him with use of a weapon in furtherance of an act of violence (924C), as set forth in counts 9 and 10 of the Indictment. Mr. Ayyad was sentenced to terms of 30 years on each count to run consecutive to all other counts for which he a convicted. The total sentence imposed was 1,403 months.

---

[1] Mohammad Salameh does not join in this motion.

Honorable Lewis A. Kaplan                      July 20, 2020
United States District Judge                        Page 2
Southern District of New York

**Re:** ***United States v. Nidal Ayyad***
     **93 Cr. 180 (LAK)**

Mr. Ayyad subsequently filed a motion to vacate counts 9 and 10 under the authority of *United States v. Davis*, 139 S.Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). The Government moved to vacate Count 10 but opposed the defendant's motion under Count 9. In an Order dated June 24, 2019, the Court granted the motion to vacate Count 10 but denied the motion to vacate Count 9. The Court indicated that it would enter an amended judgment reflecting this ruling.

### A *De Novo* Re-Sentencing Hearing Is Required For Nidal Ayyad

The Second Circuit has specifically held that when a re-sentencing results from a vacatur of a conviction, a *de novo* sentencing is the default rule. *United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2d Cir. 2002) *See also United States v. Draper*, 553 F.3d 174, 184 (2d Cir. 2009)(conviction reversed on 2 counts which were dismissed requiring de novo re-sentencing). *Quintieri* considered the question as to whether conviction errors should result in a default rule of *de novo* re-sentencing versus sentencing errors for which the default rule would result in a limited sentencing. (*Id*.). The rule set forth in *Quintieri* was that where a count of conviction is overturned, as opposed to an aspect of a sentence, re-sentencing must be *de novo*; and *de novo* means "anew." *United States v. Rigas*, 583 F.3d 1108, 117 (2d Cir. 2009).

### CONCLUSION

Mr. Ayyad requests that the Court conduct a full *de novo* re-sentencing hearing following the Court's Order vacating his conviction of Count 10 of the Indictment for which he was sentenced to a term of 30 years incarceration to run consecutive to all other counts. We respectfully request that the Court order a new Pre-sentence Report ("PSR") and allow the parties sufficient time to submit a Sentencing Memorandum following receipt of the new PSR.

```
Honorable Lewis A. Kaplan            July 20, 2020
United States District Judge         Page 3
Southern District of New York
```

**Re:** ***United States v. Nidal Ayyad***
   **93 Cr. 180 (LAK)**

                                             Respectfully submitted,

                                             /S/
                                             Robert M. Baum
                                             Assistant Federal Defender

```
cc:  Julianna Murray, Esq.
     Elinor Tarlow, Esq.
     Ryan B. Finkel, Esq.
     Assistant United States Attorneys
```