

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 30, 2020

**BY ECF**
The Honorable Lewis A. Kaplan
United State District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Nidal Ayyad*, 93 Cr. 180 (LAK)

Dear Judge Kaplan:

On July 20, 2020, Nidal Ayyad (the "defendant") requested that the Court order his re-sentencing in light of the fact that the Court vacated Count 10 of his underlying conviction following a § 2255 motion by the defendant. (Dkt. 963). Since resentencing in this case is neither required nor appropriate, the defendant's motion should be denied.

### A. Background

On March 4, 1994, the defendant was convicted of various charges relating to his role in the 1993 bombing of the World Trade Center in Manhattan.[1] On June 10, 2016, the defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his convictions on Counts Nine and Ten, which charged the defendant with violating 18 U.S.C. § 924(c). (Dkt. 859). On June 24, 2020, the Court granted the defendant's motion to vacate Count Ten, to which the Government had consented. (Dkt. 959). The Court denied the motion in all other respects. On July 20, 2020, the defendant filed the instant motion, requesting that the Court conduct a "*de novo*" resentencing on the surviving counts of conviction. (Dkt. 963).

---

[1] Specifically, Ayyad was convicted of conspiracy to bomb buildings used in or affecting interstate and foreign commerce, to bomb property and vehicles owned by the United States, to transport explosives interstate for the purpose of bombing buildings, vehicles and other property, and to bomb automobiles used in interstate commerce, in violation of 18 U.S.C. § 371 (Count One); bombing a building used in or affecting interstate commerce, in violation of 18 U.S.C. §§ 844(i) and 2 (Count Two); bombing property owned, used and leased in part by a department or agency of the United States, in violation of 18 U.S.C. §§ 844(f) and 2 (Count Three); transporting a bomb interstate, knowing that the bomb was to be used on a building, vehicle and other property, in violation of 18 U.S.C. §§ 844(d) and 2 (Count Four); bombing a vehicle used in interstate commerce, with reckless disregard for the safety of human life, in violation of 18 U.S.C. §§ 33, 34, and 2 (Count Five); destroying and damaging vehicles that were used in interstate commerce, in violation of 18 U.S.C. §§ 33, 34, and 2 (Count Six); assaulting federal officers, namely, three United States Secret Service Agents who were injured by the explosion, in violation of 18 U.S.C. §§ 111 and 2 (Count Eight); and two counts of using and carrying a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Nine and Ten).

### B. Applicable Law

Title 28, United States Code, section 2255 does not require a district court to conduct resentencing after vacating part of a conviction. *See United States v. Savoca*, 596 F.3d 154, 161 (2d Cir. 2010) (finding that the "District Court was under no obligation to conduct a complete resentencing" after granting a § 2255 motion); *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019), *cert. denied*, 139 S. Ct. 2729, 204 L.Ed.2d 1121 (2019) (when a sentence is corrected under § 2255, the decision to resentence on all remaining counts "rests within the sound discretion of the district court"). Upon vacatur, § 2255 grants a court broad discretion to "discharge the prisoner or resentence him or grant a new trial or correct the sentence *as may appear appropriate*." 28 U.S.C. § 2255(b) (emphasis added); *see also United States v. Gordils,* 117 F.3d 99, 104 (2d. Cir. 1997).

Factors courts have considered when assessing the appropriateness of a resentencing include whether: (i) the defendant can show "that the District Court's sentencing determinations depended in some way on the now-vacated conviction," *Dhinsa v. Krueger*, 917 F.3d 70, 80 (2d. Cir. 2019); *Troiano*, 918 F. 3d at 1087 (assessing whether the vacated count was "bundled" with the surviving counts); (ii) there were intervening changes in the law "that would require the Court to rethink the original sentence," *Savoca*, 596 F.3d at 160; and (iii) the guidelines calculation would be altered, *see Gordils*, 117 F.3d at 103 (affirming imposition of longer sentence on surviving counts). No factor is controlling. Ultimately, it is within the discretion of the court to determine "whether any useful purpose would be served in reconsidering the sentence." *Savoca*, 596 F.3d at 161.

### C. Argument

The defendant's primary argument is that "when a resentencing results from a vacatur of a conviction" there must be a "*de novo*" resentencing. (Dkt. 963, at 2.) This is simply wrong as a matter of law. In the context of a § 2255 motion, a "*de novo*" resentencing is not required. *See Savoca*, 596 F.3d at 161; *Troiano,* 918 F. 3d at 1087; *United States v. Williams*, 740 F. App'x 794, 795 (4th Cir. 2018) (although a district court may be required to resentence upon remand from an appellate court, a district court "has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance."); *United States v. Pearce*, 146 F. 3d 771, 775 (10th Cir. 1998) (upholding district court's refusal to resentence defendant after vacatur of § 924(c) conviction as proper exercise of "discretionary authority" under § 2255); *see also United States v. Thomason*, 940 F.3d 1166, 1172 (11th Cir. 2019), cert. denied, 140 S. Ct. 1213, 206 L. Ed. 2d 213 (2020) ("district court need not conduct a full resentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous").

*United States v. Quintieri*, the Second Circuit case upon which the defendant relies for the proposition that *de novo* resentencing is required, is inapposite. *Quintieri* considered whether a district court should conduct a complete resentencing in the context of a direct appeal, not a collateral attack. *See* 306 F. 3d 1217 (2d Cir. 2002). In that context, "*Quintieri* created a 'default rule' that *de novo* resentencing is required where a conviction is reversed in part *on*

*appeal*." *United States v. Rigas,* 583 F. 3d 108, 117 (2d. Cir. 2009) (quoting *Quintieri,* 306 F. 3d at 1228 n. 6) (emphasis added).[2]

As there is no "default rule" requiring resentencing in this case, *de novo* resentencing should only be conducted if the defendant can demonstrate it is "appropriate." The defendant has failed to carry his burden for several reasons.

*First*, despite the vacatur of Count Ten, the structure of Ayyad's overall sentence, and the intention of the sentencing court, remain undisturbed. The defendant's overall sentence of 1405 months consisted of two parts: a sentence of (i) 685 months on Counts 1-6 and 8; and (ii) the sentences for Counts Nine and Ten, each fixed at thirty years, and required to run consecutively to Counts 1-6 and 8.[3] During sentencing, the trial court explained its intention to sentence the defendant on Counts 1-6 and 8 to a term representing what was predicted to be his life less one month. (*See* Sentencing Tr., Ex. A.,[4] at 13, 58-59.) The court calculated, based on actuarial tables, the defendant's life expectancy at the time of his sentencing and added to that his estimated good time credit, which yielded 686 months. The court then deducted one month from that total and sentenced the defendant to 685 months on Counts 1-6 and 8. (Ex. A. 58, 59; Ex B. (judgement of conviction).). The court then added to the 685 month sentence the statutorily mandated sentences of 30 years each for Counts Nine and Ten for a total of 1405 months.[5] While the vacatur of Count Ten subtracts 360 months from the previously imposed term, excising it from the defendant's conviction does not suggest the structure of the sentence has changed. Nor did the statutorily mandated sentence of Count Ten appear integral to the court's intention of sentencing the defendant to one month less than a predicted life sentence for Counts 1-6 and 8. Indeed, Count Ten's sentence was simply added consecutively to the sentence on Counts 1-6 and 8 as the statute required.

*Second*, a sentence of 685 months plus 60 years has little practical difference to a sentence of 685 months plus 30 years. Both sentences serve as effective life sentences. In a similar context, the "Second Circuit has [ ] held that resentencing is not required when vacating one count of a defendant's multiple-count conviction [if] the defendant is serving concurrent sentences such that the defendant's total time of imprisonment would not be affected by the vacated or reversed count." *Hsu v. United States*, 954 F. Supp. 2d 215, 219 (S.D.N.Y. 2013).

---

[2] Moreover, the defendant overstates the holding of *Quintieri*. Rather than hold that a *de novo* resentencing is *always* required; *Quintieri* determined that when a court of appeals vacates a conviction and fails to provide specific directions in its mandate, the "default rule" is a *de novo* sentencing. *Id.* at 1228 n.6. Any argument that this Court's order vacating Count Ten of the defendant's conviction should be treated as a mandate from a court of appeals is meritless, particularly given that the plain text of § 2255 vests this Court with the discretion to determine first the nature of the relief that "may appear appropriate." 28 U.S.C. § 2255(b).

[3] At the time of the defendant's conviction use of a destructive device in relation to a crime of violence required a sentence of imprisonment of thirty years that was to run consecutively to any other count of conviction. 18 U.S.C. § 924(c) (1990).

[4] The Government is informed that the pagination and formatting of this transcript may be different from the official version due to limitations as to what the court reporters are able to access at the moment, given their limited physical presence in the courthouse due to the complications caused by COVID-19.

[5] The sentencing court imposed sentence in this manner to steer clear of potential appellate issues and "avoid another re-sentencing with all its expense and bother." (Ex A. at 10.)

Although Count Ten was consecutive to the other counts, the practical effect of vacating it has little impact on the surviving counts, which cumulatively equate to a life sentence. Thus, no resentencing is required.

*Third*, the defendant was convicted of committing one of the most heinous acts of terrorism against this country—the 1993 bombing of the World Trade Center. That bombing killed six innocent people, injured more than thousand, and caused substantially more than a billion dollars in damages. (PSR ¶¶ 65, 81, 99-106.) The defendant's then unprecedented crime also had a significant psychological toll on the people of this City and this Country, which persists some 27 years later. Even crediting the defendant's unsupported claim of an "extraordinary record of post-sentence rehabilitation," Dkt. 963, at 1, this defendant should not receive an undeserved windfall in the form of a further reduction of his sentence for Counts 1-6 and 8, which is what he would be seeking at a resentencing, simply because a change in the law invalidated a portion of the § 924(c) statute 26 years after he was sentenced. *See Savoca*, 596 F.3d at 157 (affirming district court's decision not to resentence because, *inter alia*, "the Defendant should not reap an unforeseen benefit from his ineffective counsel"). The defendant offers no other reasons why a resentencing should occur.

### D. Conclusion

The defendant's motion for resentencing should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: /s/
Ryan B. Finkel
Assistant United States Attorney
(212) 637-6612