UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -  x
                                 :
UNITED STATES OF AMERICA         :    **PROTECTIVE ORDER**
                                 :
          - v. -                 :    16 Civ. 4346 (LAK);
                                 :    93 Cr.  180 (LAK)
NIDAL AYYAD,                     :
                                 :
          Defendant.             :
                                 :
- - - - - - - - - - - - - - - -  x

LEWIS A. KAPLAN, District Judge:

On the motion of the United States of America, by Audrey Strauss, Acting United States Attorney for the Southern District of New York, through counsel, Ryan B. Finkel, Assistant United States Attorney ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant NIDAL AYYAD, through his counsel Daniel Habib, Esq., and for good cause shown,

IT IS HEREBY ORDERED:

1.  Except as noted in Paragraph 4 below, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendant in this action are considered "Confidential Information."

2.  Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

Case 1:93-cr-00180-LAK   Document 996-1   Filed 11/18/20   Page 2 of 5

a.    Shall be used by the defendant and their counsel only for purposes of this criminal action;

b.    Shall not be disclosed in any form by the defendant or their counsel except as set forth in paragraph 2(c) below; and

c.    May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

i.    investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by defense counsel;

ii.    independent expert witnesses, investigators, expert advisors, consultants and vendors retained in connection with this action;

iii.    such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

3.    Certain of the Confidential Information, referred to herein as "Highly Confidential Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendant as "Highly Confidential Information."  The Government's designation of material as Highly Confidential

Case 1:93-cr-00180-LAK   Document 996-1   Filed 11/18/20   Page 3 of 5

Information will be controlling absent contrary order of the Court.

    a.   Restrictions on Highly Confidential Information are the same as Confidential Information, except that Highly Confidential Information may be disclosed by counsel to the defendant for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing Highly Confidential Information outside of the offices or presence of defense counsel. The defendant shall not make or retain any notes that include any Highly Confidential Information outside the offices of defense counsel. Highly Confidential Information may be disclosed to Designated Persons consistent with the terms of Confidential Information.

    4.   Notwithstanding the foregoing, Confidential Information shall not include documents, materials or information that is (i) already in the possession of the defendant at the time of the Government's production, or (ii) otherwise publicly available (collectively, the "Other

Information"). Nothing in this Order shall restrict the defendants' use of such Other Information.

5. Confidential Information and Highly Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall either be returned to the Government or shredded and destroyed, upon the conclusion of the above-captioned case. The above-captioned case will be concluded upon expiration of either the conclusion of any litigation related the above-captioned case.

6. The defendants or their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information and/or Highly Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information and/or Highly Confidential Information, shall sign an acknowledgment, to be retained by the counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with any materials produced pursuant to terms of this Order. In addition, if Confidential Information and/or Highly Confidential Information is provided to any Designated Persons, those Designated Persons shall return or destroy such materials as set forth in paragraph 5.

4

7.    The defendants and their counsel will not attach any Confidential Information or Highly Confidential Information produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government.  If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

8.    If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Confidential Information and/or Highly Confidential Information subject to the provisions of this Order, such documents, materials, and information shall be considered Confidential Information and/or Highly Confidential Information pending further Order of this Court.

9.    The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion or hearing held in this action or to any district or magistrate judge of this Court for purposes of this action.

Dated:    New York, New York
          November 19, 2020

_____
LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK