UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

            -against-                                                          93-cr-0180 (LAK)

NIDAL AYYAD,

            Defendant.

------------------------------------- x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Nidal Ayyad moves, *pro se*, for the appointment of counsel to assist him in filing a potential motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A).[1] For the reasons explained below, the motion is denied.

        Defendant was convicted of numerous felonies arising from his involvement in the 1993 bombing of the World Trade Center. Among other things, he "used his position as an engineer at . . . a large New Jersey chemical company[] to order the necessary chemical ingredients for bomb making, and to order hydrogen tanks . . . that would enhance the bomb's destructive force."[2] Defendant was sentenced "on Counts 1-6 & 8, to a sentence designed to be one month short of life expectancy" and "on Counts [9] and [10] . . . to two *consecutive* additional 30-year sentences."[3] Thus, defendant's aggregate term of imprisonment was 1,045 months.[4] In 2020,

---

[1] Dkt 1076.

[2] *United States v. Salameh*, 152 F.3d 88, 107–08 (2d Cir. 1998).

[3] *United States v. Salameh*, 261 F.3d 271, 275 (2d Cir. 2001) (emphasis added).

[4] *Id.*

2

this Court vacated defendant's conviction on Count 10 for violation of 18 U.S.C. § 924(c) because the predicate offense — conspiracy to destroy buildings — was not categorically a crime of violence, but it left undisturbed defendant's conviction on Count 9, for which he had been sentenced to 360 months to run concurrently to Count 10.[5] Thus, the aggregate term of the sentence remained 1,045 months.[6]

Defendant's motion now suggests no basis for compassionate release. There is, therefore, no reason to believe that the appointment of counsel would make a material difference to any Section 3582 motion defendant may file. Any such motion, moreover, would be unlikely to result in any sentence reduction, let alone a material sentence reduction, in light of the seriousness of defendant's crimes, which caused the death of six people, injured over one thousand others, and caused millions in damage. Accordingly, and because "there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings,"[7] defendant's motion is denied.

Defendant's motion for appointment of counsel is denied.[8]

SO ORDERED.

Dated:    July 24, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[5] Dkts 941, 959, 979 [*Ayyad v. United States*, No. 16-cv-4346 (LAK), 2020 WL 5018163 (S.D.N.Y. Aug. 24, 2020), *aff'd*, No. 20-3832, 2023 WL 1975682 (2d Cir. Feb. 14, 2023)].

[6] Dkt 1018.

[7] *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) (internal quotation marks omitted).

[8] Dkt 1076.