# MEMO ENDORSED

Copy mailed to defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**DOCKET**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/24/24
```

NIDAL AYYAD,

    Defendant,

-v-

CASE NO. 1:93CR00180-LAK

UNITED STATES OF AMERICA,

    Respondent,

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. 2255

COMES NOW the Defendant, Nidal Ayyad in PRO SE, in necessity, and hereby MOVES this Honorable Court to ISSUE an ORDER granting a ninety (90) day extension of time to file his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255.

The Defendant avers that he has just recently become aware that his Conviction was obtained under a Constitutional violation that resulted in the Fundamental Miscarriage of Justice. In Support, the Defendant shows the Court the following:

1) The Defendant's A.E.D.P.A. deadline has not yet been reached but is rapidly approaching.
2) English is the Defendant's second language which makes legal matter extremely more difficult.
3) The Defendant has just recently discovered a Constitutional violation in the criminal process that produced his

1

<u>Memo Endorsement</u>                                    <u>United States v. Ayyad, 93-cr-180 (LAK)</u>

Defendant was convicted on multiple felony counts in connection with the 1993 World Trade Center bombing in which six people were killed and more than a thousand injured, and in which the bombers caused millions of dollars in damage. *United States v. Salameh*, 152 F.3d 88, 108 (2d Cir. 1998). The original judgment later was modified, but defendant is serving the remainder of a term of imprisonment of 1,045 months. There have been somewhat extensive collateral proceedings as well, including at least one prior Section 2255 motion.

Defendant now moves for an extension of time within which to file another Section 2255 motion. I put aside for now the question whether this Court could entertain a new 2255 motion absent leave of the Court of Appeals, as the present motion is readily disposed of.

While there are circumstances in which a district may, and even some in which it must, convert a request for an extension of time to file a 2255 motion into a 2255 motion, this is not one of them because the present motion "ha[s] not articulated any basis in fact or in law for relief under section 2255." *Green v. United States*, 260 F.3d 78, 83–84 (2d Cir. 2001). Hence, it must be treated only as what it claims to be — a motion for an extension of time. And it is well established that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *Id.* at 82 (quoting *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam)). "If or when [defendant] actually files a § 2255 petition, the District Court . . . may consider his argument that such a petition should be considered timely." *Leon*, 203 F.3d at 164; *see also Applcation of Wattanasiri*, 982 F.Supp. 955 (S.D.N.Y. 1997). Accordingly, the motion for an extension of time is denied for lack of jurisdiction.

SO ORDERED.

Dated:      September 24, 2024

_____
Lewis A. Kaplan
United States District Judge