UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIDAL AYYAD,

              Movant,

       -against-

UNITED STATES OF AMERICA,

              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/25

25-cv-1766 (LAK)
[(S5) 93-cr-0180 (LAK)]

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

      This matter is before the Court on Ayyad's most recent request for relief under 28 U.S.C. § 2255.

**Facts**

      The relevant history is long indeed. Movant was convicted on multiple felony counts in connection with the 1993 World Trade Center bombing in which six people were killed and more than a thousand injured, and in which the bombers caused millions of dollars in damage.[1] Among the counts of conviction were counts under 18 U.S.C. § 924(c), Counts 9 and 10. The predicate offense for Count 9 was assault on a federal official in violation of 18 U.S.C. § 111 as charged in Count 8. The predicate offense for Count 10 was conspiracy to destroy buildings in violation of 18 U.S.C. §

---

[1]    *United States v. Salameh ("Salameh I")*, 152 F.3d 88, 108 (2d Cir. 1998).

371.

At resentencing, the sentencing judge sentenced movant, principally, to (1) concurrent terms of imprisonment of 685 months, which was designed to be one month short of his life expectancy,[2] on Counts 1-6 and 8, and (2) two additional mandatory 360 month sentences on each of Counts 9 and 10 (the § 924(c) counts) to run consecutively to each other and to the 685 months of imprisonment on Counts 1-6 and 8. Movant thus was sentenced to an aggregate term of 1,405 months' imprisonment.[3]

In June 2016, movant filed a 28 U.S.C. § 2255 motion challenging his convictions on Counts 9 and 10. The motion was stayed pending resolution of constitutional challenges to Section 924(c)(3)'s definition of "crime of violence."

In a memorandum and order dated June 24, 2020 [DI 959[4]], this Court granted the motion to the extent of vacating the conviction on Count 10, but denied it in all other respects. It entered a second amended judgment reflecting that ruling on November 9, 2020 [DI 994]. The Court of Appeals denied a certificate of appealability and dismissed movant's appeal from the order resolving the 2255 motion for want of a substantial constitutional question on May 13, 2021.[5] A third amended

---

[2]

The sentencing judge believed that the statutory text and Second Circuit case law at the time of sentencing required this calculation. *United States v. Salameh,* 261 F.3d 271, 275 (2d Cir. 2001). Obviously, had he thought otherwise, he would have imposed concurrent life sentences on those counts. As the Circuit later pointed out in affirming the sentence, however, movant and his co-defendants "have no legal right to a sentence shorter than their correct life expectancy." *Id.*

[3]

*Id.*

[4]

Docket entries refer to 93-cr-180.

[5]

*United States v. Abouhalima,* No. 20-2720 (L) (filed May 13, 2021).

judgment was entered on August 17, 2021 which differed from the second amended judgment only with respect to language relating to special instructions with respect to movant's criminal monetary penalties. [DI 1018, at 1, 8].

## Discussion

The present motion, which by virtue of the date it bears and the "mailbox rule" cannot have been deemed filed any earlier than September 30, 2024, contends – apparently for the first time in any of movant's plethora of post conviction applications – that he was deprived of his rights on the theory that the 1994 trial judge, long since deceased, fell asleep for an unspecified time during the closing argument by movant's counsel over thirty years ago and that jurors were distracted by that alleged circumstance.  Movant does not contend, however, that the trial judge – who of course was not the trier of fact – made or was called upon to make any ruling during the period of alleged inattention.

In these circumstances, it is extremely doubtful that the motion states any legally sufficient basis for suggesting that movant's constitutional rights were violated, much less that he was prejudiced in any way. *See, e.g., United States v. McKeighan* 685 F.3d 956, 973-75 (10th Cir. 2012) ("As a general rule, juror misconduct, such as inattentiveness or sleeping, does not warrant a new trial absent a showing of prejudice—i.e., that the defendant did not receive a fair trial.")  But it is unnecessary to reach this issue because the motion is untimely.

Judicial Code § 2255(f) establishes a one year limitations period for 2255 motions. The date runs, in relevant part, from the latest of the dates on which (1) the judgment of conviction became final, and (2) the facts supporting the claims could have been discovered with the exercise

4

of due diligence.[6]

Here, movant's motion establishes that he was aware of the judge's alleged inattention when that occurred. In any case, the judgment of conviction became final decades ago. Even assuming that the relevant judgment of conviction were the third amended judgment – a dubious proposition as it made no change to the second amended and earlier judgments that was material to the present claim – that judgment became final, in light of movant's failure to appeal from it, upon the expiration of 14 days after the date it was entered, which was August 17, 2021.

Accordingly, the motion (93-cr-180 Dkt 1086; 25-cv-1766 Dkt 1) is denied. The Clerk shall close 25-cv-1766.

SO ORDERED.

Dated:        March 17, 2025

Lewis A. Kaplan
United States District Judge

---

[6]  28 U.S.C. § 2255(f)(1), (4).